# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Respondent,*

vs.

ALFREDO NINO-CRUZ,

    *Movant.*

Case No. 18-cr-10061-01-EFM

## MEMORANDUM AND ORDER

On October 9, 2018, Defendant Alfredo Nino-Cruz pled guilty to two counts of aggravated identity theft in violation of 18 U.S.C. § 1028(A). Defendant was sentenced to four years imprisonment and is currently incarcerated at Great Plains Correctional Facility in Hinton, Oklahoma. This matter is before the Court on Defendant's Motion for Return of Property (Doc. 32). Defendant asserts that the following documents, money, and property must be returned to him under Federal Rule of Criminal Procedure 41(g): (1) "presentence investigation report (PSR);" (2) "pretrial discovery documentation;" (3) "2012 Ford di[e]sel truck;" (4) $4,000 from "my wife's house;" and (5) money from "my apartment [i]n las vegas, Nevada."

Rule 41(g) controls the return of property seized during or in connection with a criminal investigation. The rule states:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be

> filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

"Proceedings surrounding the motion for return of property seized in a criminal case are civil in nature, but the interests of judicial efficiency permit a criminal trial judge to rule on the motion."[1] The Tenth Circuit has repeatedly held that "Rule 41(g) provides 'an equitable remedy' to a movant 'only if he can show irreparable harm and an inadequate remedy at law.' "[2] "Rule 41[g] jurisdiction should be exercised with caution and restraint and the district court should dismiss a Rule 41(g) motion if the movant has failed to make this showing."[3]

After reviewing the record, the Court concludes that it is not necessary to hold a hearing to decide Defendant's motion. Regarding items one and two on Defendant's list—the PSR and pretrial discovery documentation—the Court directs Defendant to contact his prior counsel who can provide these documents to him. Item five—money from his apartment in Las Vegas, Nevada—was seized outside of this District, and therefore this Court does not have jurisdiction to determine whether this property must be returned. As to items three and four—the Ford truck and money from his wife's house—the record shows that these items were rightly seized under 21 U.S.C. § 881 and properly administratively forfeited under 19 U.S.C. §§ 1607 and 1609. Defendant has not shown that he suffered irreparable harm or that he has an inadequate remedy at law. Therefore, his motion is dismissed.

---

[1] *United States v. Maez*, 915 F.2d 1466, 1468 (10th Cir. 1990) (citation omitted).

[2] *United States v. Bacon*, 900 F.3d 1234, 1237 (quoting *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999)).

[3] *Id*. (citing *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir. 1998)) (internal quotation marks omitted).

**IT IS THEREFORE ORDERED** that Defendant's Motion for the Return of Property Pursuant to Federal Rule of Criminal Procedure Rule 41(g) (Doc. 32) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 21st day of May, 2019.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE